Opinion of the Coukt.
Catlett purchased of Andrew and Peter Black some, .merchandize for sale, paid part of the price and exe-cutéd his note for the balance. Upon this note the Blacks brought suit and recovered judgment at law, to enjoin' which Catlett filed his bill, in which he alleges that the Blacks, in the sale of the merchandize, agreed to take twelve and a half per cent, advance, and carriage, upon the Philadelphia prices, and produced invoices, wjiich they represented as the original invoices of the^pfice^ made out at Philadelphia, according to which the amount of the merchandize sold to him was calculated and adjusted; and he charges that he has sincé discovered that the merchandize'was purchased by the Blacks at Uniontown in Pennsylvania, and. that the invoices by which the merchandize was sold, to him were made out at Uniontown, and the gbods invoiced at from 25 to 30 per cent, above the Philadelphia priccs.. He asked for and obtained an injunction.
The Blacks, in their answers, admit their agreement to sell at twelve and a half per cent, advance upon the cost and carriage;, hut allege''that/ai was on the cost at Uniontown, anefnot at Philaíjélpji-jíi; and they deny that they represented that they h'ad>MM|ht at Philadelphia, or that the invoices by which th^ sold were made out at Philadelphia.
The court below gave relief, by their decree, to. Catlett, to the. extent of the difference between the *140 prices at Uniontown anil -Philadelphia, and the flacks have brought the cale-to this court by writ of error.
We have no doubt, that the relief granted by (he coqrt below was correct. The evidence very satisfactorily shows, that the Blacks represented that they had bought the merchandize at Philadelphia, and that they induced Catlett to believe they, were selling to him at twelve and a half per cent, advance upon the Philadelphia prices, when'in fact, according’’^) their own admission, they had bought the merchandize at Union-town, and, as is very clearly proved, at an advance above the Philadelphia prices, of 20 or 25 per cent, and charged Catlett accordingly. That this conduct of the Blacks is inconsistent with good faith, and with the rules of moral propriety, cannot admit of a question, nor do we suppose there can be much doubt, that it is of a character to entitle Catlett to relief.
It is said, that where the seller induces the purchas - er of an article to give more for it thanit is worth, by representing tiiat another had offered such a price. when in fact it was not true, the purchaser will not bc-entitled to relief; because value is matter of opinion, and it was the folly of the purchaser to trust to the nude assertions of the seller. But the reason upon which, that case is founded, does not apply to the present. Here, the precise criterion of the prices of the merchandize was agreed upon by the parties, and the fraud on the part of the Blacks consists in their misrepresenting that criterion, which was known to them, and could not he known to Catlett, only as he was informed by them* This case is, therefore, not like the case of amere misrepresentation of value, it is more analogous to the case where the seller affirms the rent of a house to be greater than it is, whereby the purchaser is induced to give more than it is worth; and it is held, in that case, that the fraud is such as to entitle the purchaser to relief; for rent is a criterion of value, and it lies in the knowledge of the seller, and not of the buyer.
The decree must be affirmed with costs.